**Aurora MORALES–SANDOVAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72041.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Aurora Morales–Sandoval, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal on the ground that she failed to establish ten years of continuous physical presence in the United States, as required by 8 U.S.C. § 1229b(b)(1)(A). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Morales–Sandoval contends that the immigration judge erred in finding that her return to Mexico by immigration officials in 1993 interrupted her continuous presence because the judge did not find that her return was under threat of deportation. Morales–Sandoval did not testify about this return. In her application for cancellation of removal, she stated that she departed the United States pursuant to a grant of voluntary departure. The record shows that she was fingerprinted.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. *See Tapia v. Gonzales,* 430 F.3d 997, 1002–04 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

The immigration judge did find that Morales–Sandoval was returned to Mexico under threat of deportation. Nonetheless,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

on the record before us, we cannot determine whether Morales–Sandoval's return by immigration officials was the result of a "turn-around," as discussed in *Tapia*, or an administrative voluntary departure, as discussed in *Vasquez–Lopez*. We therefore grant the petition and remand to the Board for further proceedings concerning the nature of Morales–Sandoval's contact with immigration officials in 1993.

**PETITION FOR REVIEW GRANTED; REMANDED**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.